Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 7-127
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>POLARIS GUAM LLC, d/b/a VERONA RESORT AND SPA., and Does 1-5 Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—Title VII; ADA**<br>• **Sex Discrimination (Pregnancy)**<br>• **Disability discrimination**<br>• **Retaliation**<br>• **Discharge**<br>• **Denial of reasonable accommodation**<br>(42 U.S.C. §§2000e, et seq.)<br>**JURY TRIAL DEMAND** |

1

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") as well as the Americans with Disabilities Act of 1990 ("ADA"), as amended, to correct unlawful employment practices on the basis of sex (female-pregnant), disability (gestational diabetes), and retaliation and to provide appropriate relief to Rita Siguenza ("Charging Party") who was adversely affected by such practices. As set forth with greater particularity in paragraphs 13 to 21 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") asserts that Defendant Polaris Guam LLC, d/b/a Verona Resort and Spa, and Does 1-5 ("Polaris Guam" or "Defendant"), unlawfully discriminated against Charging Party when Defendant failed to provide a reasonable accommodation to and discharged Charging Party.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3), ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII, 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Guam.

## PARTIES

1. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and ADA. The Commission is

2

expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 107(a) of the ADA.

2. At all relevant times, Defendant Polaris Guam LLC, d/b/a Verona Resort and Spa has been a corporation doing business in the Territory of Guam, and has continuously had at least fifteen (15) employees.

3. At all relevant times, Defendant Polaris Guam LLC, d/b/a Verona Resort and Spa has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h).

4. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

5. Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known. Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party

dually filed a charge of discrimination with the Commission and the Guam Department of Labor alleging violations of Title VII and ADA by Defendant.

7. The Commission conducted an investigation into the allegations by Charging Party, including interviewing witnesses and examining documents.

8. On May 30, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Charging Party was denied a reasonable accommodation and discharged due to her pregnancy, a condition of sex (female), and/or due to her disability. The determination letter further found that Charging Party was retaliated against for engaging in a protected activity. The Commission also invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure through informal methods of conciliation from Defendants a conciliation agreement acceptable to the Commission.

11. On July 11, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least 2014, Defendant has engaged in unlawful employment practices in violation of §§ 703(a)(1) and 706 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and Section 102 (a) and (b) of ADA, 42 U.S.C. § § 12112 (a) and (b) and section 503(a) of ADA, 42 U.S.C. 12203(a). Defendant failed to provide a reasonable accommodation and discharged Charging Party on the basis of her pregnancy, a condition of her sex (female), and/or her disability (gestational diabetes).

14. Charging Party worked as a Front Desk Agent for Defendant. In June 2014, Charging Party provided notice to Defendant that she was pregnant. During her

employment, Defendant was aware Charging Party was diabetic.

15. In June 2014, Charging Party requested that she be provided a chair at the front desk. A chair was never provided. Instead, Charging Party was transferred to work in the reservations department, where she performed satisfactorily.

16. In early October 2014, Charging Party was informed she would be transferred back to the front desk. Charging Party provided a note from her medical provider recommending she be accommodated by allowing her to sit during parts of her shift and wear open toed shoes.

17. Other non-pregnant front desk personnel were able to sit during their shifts and/or wear open toed shoes.

18. On October 13, 2014, Charging Party provided additional documentation from her medical provider stating that she had gestational diabetes.

19. Charging Party's gestational diabetes substantially limited her during her pregnany in the major life activities of standing and in the operation of her endocrine system.

20. Days after Charging Party requested an accommodation and after Charging Party had provided documentation of her medical condition, Defendant discharged Charging Party, noting as the reason for termination that Charging Party's pregnancy impacted her ability to perform her duties.

21. Defendant failed to engage in the interactive process or to provide a reasonable accommodation to Charging Party, instead labeling Charging Party's accommodation request as problematic and soon thereafter terminating Charging Party.

22. The effect of the practices complained as described in paragraphs 13-21 has been to deprive Charging Party of equal employment opportunities and otherwise adversely affects her status as an employee because of her pregnancy, a condition of her sex (female) and/or disability.

23. The effect of the practices complained of in paragraphs 13-20 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely

affects her status as an employee because of her request for an accommodation.

24. The unlawful employment practices complained of in paragraphs 13-20 above were intentional and caused Charging Party to suffer emotional distress.

25. The unlawful employment practices complained of in paragraphs 13-20 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging insex and disability discrimination, and retaliation;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII and § 102(a) and (b) and 503(c) of the ADA;

C. Order Defendants to make Charging Party whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendants to make Charging Party whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

E. Order each Defendant to pay Charging Party punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

F. Award the Commission its costs of this action; and

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 27, 2017    Respectfully Submitted

                        JAMES LEE,
                        Acting General Counsel

                        GWENDOLYN YOUNG REAMS,
                        Associate General Counsel

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION
                        131 "M" Street, N.E.
                        Washington, D.C. 20507

By: _____
                        ANNA Y. PARK,
                        Regional Attorney

                        SUE J. NOH,
                        Supervisory Trial Attorney

                        RUMDUOL VUONG,
                        Supervisory Trial Attorney

                        U.S. EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION