Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Eric Yau, HI SBN 10087
U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Room 4-257
Honolulu, HI 96850
Telephone: (808) 541-3133
Facsimile: (808) 541-3390
E-Mail: eric.yau@eeoc.gov

Attorneys for Plaintiff
U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>POLARIS GUAM LLC, dba VERONA RESORT AND SPA, Does 1-5 Inclusive,<br><br>Defendants(s) | CIVIL CASE NO. 1:17-CV-00090<br><br>CONSENT DECREE; ~~PROPOSED~~ ORDER<br><br>The Honorable Frances Tydingco-Gatewood<br>United States District Judge |

# I.

# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendant Polaris Guam LLC dba Verona Resort and Spa ("Defendant Verona") hereby stipulate and agree to entry of this Consent Decree ("Decree") to fully and finally resolve Plaintiff's complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. Polaris Guam LLC, dba Verona Resort and Spa. and Does 1-5, inclusive</u>; Civil No. 17-00090 (the "Action"). On July 28, 2017, Plaintiff filed this Action in the United States District Court, District of Guam, for violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et. seq.* ("Title VII") as well as the Americans with Disabilities Act of 1990 ("ADA"), as amended. The Action alleged that Defendant Verona discriminated against Charging Party, Ms. Rita Siguenza, on the bases of sex (female-pregnant) and disability (gestational diabetes) when it failed to provide her with a reasonable accommodation and then retaliated against her by discharging her soon after she requested accommodations.

# II.

# PURPOSES AND SCOPE OF THE CONSENT DECREE

A. The Decree is made and entered into by and between the EEOC and Defendant Verona and shall be binding on and enforceable against Defendant Verona as well as its officers, directors, agents, successors and assigns. Collectively, the EEOC and Defendant Verona, are referred to herein as the "Parties."

B. The Parties have entered into this Decree for the following purposes:

1. To provide appropriate monetary and injunctive relief;

2. To ensure employment practices in compliance with federal law;

3. To ensure a work environment free from disability and/or sex discrimination (including pregnancy discrimination) and retaliation;

4. To ensure training in employment discrimination law; and

5. To ensure appropriate recording keeping, reporting, and monitoring.

C. This Decree, as described in further detail in Section IX and X, below will be implemented by Defendant Verona.

## III.

## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant Verona in this Action.

B. Nothing in this Decree shall be construed to limit or reduce Defendant Verona's obligation to comply fully with Title VII, ADA or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant Verona in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure, Title VII and ADA, and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

### EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for four (4) years after the Effective Date. However, if Defendant Verona complies with all terms of this Decree, and at the recommendation of the Monitor, the EEOC may decide that this Decree can sunset one (1) year before the expiration of the four (4) year period. Defendant Verona shall make available information sought by the Monitor to make the recommendation.

## VI.

### MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

### COMPLIANCE AND DISPUTE RESOLUTION

A. The Parties expressly agree that if the EEOC has reason to believe that Defendant Verona has failed to comply with any provision of this Consent Decree, the EEOC may bring an

action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant Verona, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Defendant Verona breached. Absent a showing by either party that the delay will cause irreparable harm, Defendant Verona shall have thirty (30) days to attempt to resolve or cure any non-monetary breach. In the event of a monetary breach, the EEOC may petition this Court for resolution and seek all available relief without the need for the EEOC to first notify Defendant Verona of any monetary breach in writing or allow time for Defendant Verona to attempt to resolve or cure any monetary breach.

  B. After thirty (30) days have passed with respect to any non-monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the Court deems appropriate.

## VIII.

### MONETARY RELIEF

  A. Defendant Verona will pay a total of $15, 871.56 (plus applicable interest), to be distributed to the Charging Party Rita Siguenza ("Charging Party") in monetary relief.

  B. The EEOC will provide Defendant Verona with the Charging Party's current address, the distribution amount and any relevant identifying information ("Distribution List"). The EEOC has designated the total amount of $15,871.56 as compensatory damages. Within ten (10) days of the EEOC providing the Distribution List, Defendant Verona shall send a cashier's check or money order in the amount of $3,871.56 as first payment of the monetary relief to the Charging Party via certified mail, return receipt requested. The remaining $12,000 of compensatory damages, will be paid in 12 monthly payments of $1,000 per payment plus an interest amount calculated at 2.5%, beginning on May 15, 2019, with the last payment on April 15, 2020. On the 15th day of each month during the 12-month period beginning May 15, 2019, Defendant Verona shall send a cashier's check or money order to the Charging Party's current

U.S. EEOC v. Polaris Guam LLC – Consent Decree
Page 5

address as provided in the Distribution List (or any updated current address(es) that EEOC may provide if necessary) via certified mail, return receipt requested. To secure the total amount of compensatory damages, Defendant Verona's President/Owner, Mr. David Su, shall execute a personal guarantee ("Personal Guarantee") on his personal assets for the benefit of the Charging Party in the amount of $12,000 plus interest at the rate of 2.5%. Within twenty (20) days of the Effective Date, Defendant Verona shall send the Personal Guarantee to the EEOC via certified mail, return receipt requested to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

C. As appropriate, Defendant Verona agrees to issue an IRS Form W-2 to the Charging Party for all monies, if any, paid to her as lost wages. As appropriate, Defendant Verona agrees to issue an IRS Form 1099 to the Charging Party for all monies, if any, paid to her as compensatory damages. Defendant Verona shall also make all appropriate reports to the Internal Revenue Service and other tax authorities. Defendant Verona shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Party.

D. Within three (3) business days of the issuance of each settlement check/money order or the issuance of tax reporting forms, Defendant Verona shall submit a copy of the check/money order, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## IX.

### GENERAL INJUNCTIVE RELIEF

A. Retaliation:

Defendant Verona, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against

any current or former employee of Defendant Verona, because he or she has in the past, or during the term of this Decree:

1. Opposed any practice made unlawful under Title VII and ADA;

2. Filed a charge of discrimination alleging such practice;

3. Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII and ADA;

4. Was identified as a possible witness or claimant in this action;

5. Asserted any right under this Decree; or

6. Sought and/or received any relief in accordance with this Decree.

B. <u>Discrimination based on sex and/or disability</u>:

Defendant Verona, including all managerial and non-managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from: (a) discriminating against persons on the basis of their sex (female-pregnant) and/or disability in the workplace and (b) engaging in or being a party to any action, policy or practice that is intended or is known to them to have the effect of discriminating any employee on the basis of their sex (female-pregnant) and/or disability.

## X.

### SPECIFIC INJUNCTIVE RELIEF

A. <u>Equal Employment Opportunity Monitor</u>

Within thirty (30) days after the Effective Date, the Parties agree that Defendant Verona shall retain a third party Equal Employment Opportunity Monitor ("Monitor") to monitor Defendant Verona's compliance with Title VII and ADA, and the provisions of this Decree. Defendant Verona shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties. The Monitor shall have demonstrated experience in equal employment opportunity law, including retaliation and discrimination on the

bases of sex (female-pregnant) and disability. The Monitor shall be subject to the EEOC's approval, which shall not be unreasonably withheld. If EEOC does not approve of Defendant Verona's initial selection, the EEOC shall provide Defendant Verona with a list of three (3) candidates acceptable to the EEOC as a replacement for the Monitor. If the Monitor must be replaced during the duration of the Decree, the Parties shall engage in the same process set forth in this paragraph for the designation of a new Monitor.

The Monitor's responsibilities shall include:

1. Ensuring that Defendant Verona's procedures to handle complaints of discrimination and retaliation comply with its obligations under Title VII, ADA, and this Decree;

2. Reviewing and revising Defendant Verona's policies and procedures to effectively carry out its obligations under Title VII, ADA, and this Decree;

3. Ensuring that all employees are trained on their rights and responsibilities under Title VII and ADA, including but not limited to the responsibilities to provide a workplace free of retaliation and discrimination on the basis of sex (female-pregnant) and/or disability;

4. Ensuring that all employees are trained on Defendant Verona's policies and procedures relating to discrimination and retaliation;

5. Monitoring Defendant Verona's investigations to ensure that investigations are conducted in an effective manner and that Defendant Verona adequately monitors the workplace after complaints to ensure no retaliatory actions are taken against the complainant;

6. Ensuring that Defendant Verona properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and if any remedial action was taken;

7. Ensuring that Defendant Verona's reports required by this Decree are accurately compiled and timely submitted;

8. Ensuring that Defendant Verona's disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

9. Ensuring that Defendant Verona creates a centralized system of tracking discrimination and/or retaliation complaints as well as terminations and disciplinary actions to ensure such actions are not taken for retaliatory purposes;

10. Providing updates to the EEOC regarding Defendant Verona's compliance with the terms of this Decree;

11. Preparing a semi- annual report on Defendant Verona's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her/its responsibilities as articulated herein; and

12. Reviewing all terminations and disciplinary actions during the term of the Decree to ensure that such actions are not taken for retaliatory purposes.

B. <u>Policies and Procedures</u>

Defendant Verona, shall review, revise, distribute, and implement its policies and procedures against discrimination and retaliation prohibited by Title VII and ADA (the "Policy"). The Policy shall include:

1. A clear explanation of prohibited conduct, including an explanation that discrimination on the basis of race, color, national origin, sex, age, disability, creed/religion, or any other protected class, and retaliation is prohibited with a particular emphasis that the company will not tolerate any incidents of retaliation or discrimination on the basis of sex (female-pregnant) and/or disability;

2. Assurance that employees who make complaints of discrimination and/or retaliation or who provide information related to such complaints are protected against retaliation;

3. A clearly described complaint process for discrimination and retaliation that provides accessible avenues of making a complaint against co-workers, including the complainant's supervisors, that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

4. An assurance that Defendant Verona will protect the confidentiality of discrimination and/or retaliation complaints to the extent possible from being disclosed to those

who do not need to know;

5. A complaint process that provides a prompt, thorough, and impartial investigation;

6. An instruction that supervisors and managers shall report to human resource personnel or appropriate management incidents of discrimination, or retaliation that they witness or are aware of;

7. An assurance that Defendant Verona's disciplinary policies hold employees, managers and supervisors accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree;

8. A procedure for communicating with the complainant in writing regarding the status of the complaint /investigation, results of the investigation, and if any remedial action was taken; and

9. Assurance that Defendant Verona will take prompt and appropriate corrective action when it determines that discrimination and/or retaliation occurred.

Within thirty (30) days of the Effective Date of this Decree, Defendant Verona shall provide to the EEOC a copy of the Policy. Within sixty (60) days of the Effective Date, Defendant Verona shall ensure that it has distributed its Policy to each managerial and non-managerial employee. Within sixty-five (65) days of the Effective Date, Defendant Verona shall submit to the Commission a statement confirming distribution of the Policy. For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, Defendant Verona shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

C. Training

1. Within ninety (90) days of the Effective Date of this Decree, Defendant Verona shall provide live and interactive training of at least two hour duration to each employee at Verona who is in a managerial position (including the President and/or General Manager of Defendant Verona) or has managerial or supervisory functions. The training shall cover the Policy and federal laws regarding retaliation and discrimination on the basis of sex and/or disability, with

an emphasis on what constitutes pregnancy discrimination and protected activities for the purpose of retaliation under Title VII and ADA, how discrimination and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII and ADA violations. All persons required to attend such training shall verify their attendance in writing. Within thirty (30) days before this training, Defendant Verona shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

2. Throughout the term of this Decree, Defendant Verona shall provide annual live and interactive training of at least two hour duration to each of its employees in a managerial position (including the President and/or General Manager of Defendant Verona) or has managerial or supervisory functions. This training shall cover the Policy and federal laws regarding retaliation and discrimination on the basis of sex and/or disability, with an emphasis on what constitutes pregnancy discrimination and protected activities for the purpose of retaliation under Title VII and ADA, how discrimination and/or retaliation complaints should be handled and investigated, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII and ADA violations. All persons required to attend such training shall verify their attendance in writing. Within thirty (30) days of each training, Defendant Verona shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training. If no substantive changes have been made to the training materials since the last submission, Defendant Verona will not be required to submit new training materials within the thirty (30) days of the annual training. Defendant Verona shall submit an email or other written correspondence confirming that there are no new training materials. Email submission of the training material is acceptable.

3. Within ninety (90) days of the Effective Date of this Decree, Defendant Verona shall provide live and interactive training of at least one hour duration to all employees covering the Policy and federal laws regarding retaliation and discrimination on the basis of sex and/or disability, with an emphasis on what constitutes pregnancy discrimination and protected

activities for the purpose of retaliation under Title VII and ADA, how discrimination and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII and ADA violations. All persons required to attend such training shall verify their attendance in writing. Within thirty (30) days before each training, Defendant Verona shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

4. Throughout the term of this Decree, Defendant Verona shall provide annual live and interactive training of at least one hour duration to all employees covering the Policy and federal laws regarding retaliation and discrimination on the basis of sex and/or disability, with an emphasis on what constitutes pregnancy discrimination and protected activities for the purpose of retaliation under Title VII and ADA, how discrimination and/or retaliation complaints should be filed and processed, as well as the anti-retaliation protections that employees are entitled to when they report or assist in reporting Title VII and ADA violations. All persons required to attend such training shall verify their attendance in writing. Within thirty (30) days of each initial and annual training, Defendant Verona shall submit to the EEOC a statement describing the training it intends to provide and the materials it intends to use in this training.

5. Verification

Within ninety-five (95) days of the Effective Date and annually thereafter, Defendant Verona shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

The EEOC shall have the right to attend the trainings described in the Decree. Thirty (30) days prior to any training, Defendant Verona shall provide written notice to EEOC including the time, location, name and contact information of the trainer. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal

Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

D. Record Keeping

Defendant Verona shall establish a record-keeping procedure that provides for the centralized tracking of Title VII and ADA discrimination and/or retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination and/or retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging any employee or manager's receipt of the Policy as required under this Decree;

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4. All documents generated in connection with the monitoring, counseling, or disciplining of employees whom Defendant Verona determined to have engaged in behavior that may amount to discrimination on the basis of sex and/or disability or be retaliatory;

5. All documents generated in connection with Defendant Verona's confidential follow-up inquiries into whether any complainant believes he or she has been discriminated on the basis of sex and/or disability, and/or retaliated against;

6. All documents generated in connection with the establishment or review of performance evaluation measures for managers, supervisors, and human resource employees; and

7. All documents generated in connection with disciplinary action or terminations.

Defendant Verona shall send the aforementioned records to the EEOC or the Monitor within one hundred and twenty (120) days of the Effective Date and annually

thereafter.

E. <u>Performance Evaluations</u>

Within thirty (30) days of the Effective Date, Defendant Verona shall create a provision in the annual performance evaluation of its managers, supervisors, and human resources personnel to hold individuals accountable for failing to appropriately remedy or report incidents of discrimination, or retaliation for engaging in discrimination or retaliation, and for failing to comply with Defendant Verona's policies and procedures regarding retaliation or discrimination.

F. <u>Posting</u>

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant Verona shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at all of Defendant Verona's facilities within the Territory of Guam during the term of this Decree. The notice shall remain posted for the duration of the decree.

G. <u>Reporting</u>

Defendant Verona, through its EEO Monitor, shall provide the following reports annually throughout the term of this Decree beginning one year from the Decree's Effective Date:

1. The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve months;

2. A description of all Title VII and ADA discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder. This description shall include the names of the individuals alleging retaliation and/or discrimination on the basis of sex and/or disability, the nature of the discrimination and/or retaliation, the names of the alleged perpetrators of the discrimination and/or retaliation, the dates of the alleged discrimination and/or retaliation, a brief summary of how each complaint was resolved, and the identity of the Defendant Verona employee(s) who investigated and/or resolved each complaint.

If no results have been reached as of the time of the report, the result shall be included in the next report;

    3. A confirmation that the Notice Posting requirement as set forth in Section F is in full compliance throughout the duration of the Decree;

    4. An analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person;

    5. A copy of the policy against and complaint procedure for Title VII and ADA discrimination and/or retaliation after consultation with the EEO Monitor in compliance with the Consent Decree;

    6. A summary report of Defendant Verona's investigation into any complaint alleging discrimination and/or retaliation. The investigation report shall include the following for each complaint during the reporting period:

    (a) the name and title of the complaining party(ies);

    (b) the date of the complaint;

    (c) the name and title of the alleged offender(s);

    (d) the name and title of the person(s) who conducted the investigation into the complaint;

    (e) the nature of the complaint (i.e. comments, acts, etc.);

    (f) the date of the commencement and completion of the investigation;

    (g) a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

    (h) the outcome of the investigation and any action taken; and

    (i) whether previous discrimination and/or retaliation complaints have been made regarding the alleged offender(s). If so, the report should also include the outcome of the prior investigations; and

7. A report detailing the performance evaluation given to managers and supervisors as described in subsection E above.

All reports under this Paragraph shall be directed to: Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

H. <u>Charging Party Specific Injunctive Relief</u>

Defendant Verona shall reclassify Charging Party's termination to voluntary resignation and ensure that the reclassification is updated in Charging Party's personnel file within fifteen (15) days of the Effective Date. Within twenty-five (25) days of the Effective Date, Defendant Verona shall provide a letter to the Charging Party and EEOC verifying the reclassification and update to the personnel file. Additionally, Defendant Verona shall refrain from providing negative references about Charging Party, and only a Defendant-designated representative can provide the neutral employment reference, which is limited to verifying whether Charging Party was employed by Defendant Verona, the last position in which the Charging Party was employed, and the duration of employment with Defendant Verona.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

Defendant Verona shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant Verona shall assure that each

of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties. In addition, Defendant Verona shall, during the term of this Consent Decree, provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control. Defendant Verona shall inform the EEOC of any such acquisition, assumption of control, or other material change in corporate structure within thirty (30) days after the closing of any transaction for acquisition or assumption of control of any or all of Defendant Verona's facilities.

B. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

C. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: May 3, 2019

By: Anna Y. Park
Attorneys for Plaintiff EEOC

LAW OFFICE OF VANESSA L. WILLIAMS, P.C.

Date: May 1, 2019

By: Vanessa L. Williams
Attorney for Defendant Polaris Guam LLC dba Verona Resort and Spa

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is **HEREBY ORDERED**.



/s/ Frances M. Tydingco-Gatewood
   Chief Judge
**Dated: May 13, 2019**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

**Notice of Entry of Consent Decree**

This Notice is posted pursuant to a Consent Decree entered by the federal court in U.S. Equal Employment Opportunity Commission v. Polaris Guam LLC dba Verona Resort and Spa, Case No. CV 17-00090, settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Verona Resort and Spa violated Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act, as amended, by discriminating against a female employee on the bases of sex (female-pregnant) and disability when it failed to provide her with a reasonable accommodation and then retaliated against her by discharging her soon after she requested accommodations for her pregnancy and diabetic conditions. Verona Resort and Spa denies the allegations, but has agreed to post this notice without admitting any guilt or wrongdoing.

To resolve this lawsuit, the parties have entered into a Consent Decree which requires Verona Resort and Spa to:

1) provide monetary relief to the terminated employee;
2) forbid discrimination and retaliation in the future;
3) review, revise and redistribute its policies and procedures regarding pregnancy and disability discrimination, and retaliation;
4) hire an EEO Monitor; and
5) provide training to its management and employees regarding discrimination on the basis of sex and/or disability and retaliation, with a particular emphasis on what constitutes pregnancy discrimination.

Verona Resort and Spa is committed to complying with federal anti-discrimination and anti-retaliation laws in all respects. It will not tolerate discrimination, and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

The EEOC enforces federal laws against discrimination in employment regarding disability, race, color, religion, national origin, sex, pregnancy, and age. If you believe you have been discriminated against, you may contact the EEOC at:

**U.S. Equal Employment Opportunity Commission**
**300 Ala Moana Boulevard, Room 4-257**
**Honolulu, Hawaii 96850**
**Telephone: 1-800-541-3118**

The EEOC charges no fees and can speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED**

This Notice must remain posted for 4 years from the effective date of the Consent Decree and must not be altered, defaced or covered by any other material.

EXHIBIT A